UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COOPER INSURANCE AGENCY
CENTER, L.L.C.,

      Plaintiff,

v.

MOURER-FOSTER, INC.,

      Defendant.

File No. 5:05-CV-56

HON. ROBERT HOLMES BELL

**O P I N I O N**

Plaintiff Cooper Insurance Agency Center, L.L.C. filed this action against Defendant Mourer-Foster, Inc., alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, and the Clayton Act, 15 U.S.C. § 13. Plaintiff alleges generally that Defendant has unlawfully attempted to keep insurance companies from writing insurance business with its competitors and has unlawfully used its leverage with insurance companies to restrain access to insurance markets. This matter is before the Court on Defendant's motion for more definite statement and motion to strike.

**I.**

Defendant seeks a more definite statement pursuant to FED. R. CIV. P. 12(e). Rule 12(e) permits the filing of a motion for more definite statement if a complaint is "so vague

or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e).

Rule 12(e) motions are disfavored by most courts and are rarely granted in view of the notice pleading standards of Rule 8(a)(2)[1] and the availability of a variety of pretrial discovery procedures. *See, e.g.*, *Communities for Equity v. Michigan High School Athletic Ass'n*, 26 F. Supp. 2d 1001, 1009 n.9 (W.D. Mich. 1998) (Enslen, C.J.) (citing *Erickson v. Hunter*, 932 F. Supp. 1380 (M.D. Fla. 1996)); *Static Control Components, Inc. v. Lexmark Intern., Inc.*, No. Civ.A. 04-84-KSF, — F. Supp. 2d —, 2005 WL 2122641, *1 (E.D. Ky. Aug. 29, 2005); *Schwable v. Coates*, No. 3:05 CV 7210, — F. Supp. 2d —, 2005 WL 2002360, *1 (N.D. Ohio, Aug. 18, 2005). As noted by the Supreme Court, the simplified notice pleading standard of Rule 8(a) relies on liberal discovery rules and summary judgment motions rather than on technical forms of pleading to define disputed facts and issues and to dispose of unmeritorious claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-13 (2002).

Of course, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Evans-Marshall v. Board of Educ. of Tipp City Exempted Village School Dist.*, 28 F.3d 223, 228 (6th Cir. 2005) (quoting *Swierkiewicz*, 534 U.S. at 514). Thus, "[i]n the

---

[1] Rule 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

case of a truly unclear complaint, the defendant can move for a more definite statement of the claim under Rule 12(e)." *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002).

Defendant has identified eleven categories of information with respect to which it seeks a more definite statement. Many of these categories seek identification of individuals, customers, markets, accounts, and time frames. Most of these are matters which can be obtained through discovery.

Two of Defendant's requests, however, do point out areas of Plaintiff's complaint that are "so vague or ambiguous" that Defendant cannot reasonably be required to answer. In requests 2 and 5 Defendant requests a description of why the alleged withholding and retention of certain monies was wrongful and a description of how Defendant's alleged activities restrained trade.

RICO cases often involve allegations of fraud, which, under the federal rules, are required to be stated with particularity. FED. R. CIV. P. 9(b); *Northland Ins. Co. v. Shell Oil Co.,* 930 F. Supp. 1069, 1074 (D. N.J. 1996). "[A] fraud claimant must be prepared at the very commencement of his or her case to present allegations of fraud that are specific with respect to time, place and content." *Freeport Transit, Inc. v. McNulty*, 239 F. Supp. 2d 102, 108-09 (D. Me. 2003).

Plaintiff's complaint clearly asserts fraud as a basis for its RICO claim. Plaintiff has alleged generally that Defendant has wrongfully and unlawfully retained monies owed to its customers (Compl. ¶¶ 10, 20, 22, 25, 27), that it has forged certificates of insurance (Compl.

¶¶ 11, 26), and that it has received thousands of dollars as a result of various crimes "including, but not limited to, embezzlement, fraud, conspiracy, and wrongfully withholding client monies." (Compl. ¶ 17).

These vague and conclusory allegations are all Plaintiff has offered to explain Defendant's involvement in allegedly fraudulent criminal activity. Plaintiff has not given the Defendant enough operative facts to inform the Defendant of what particular acts it engaged in that were unlawful. Defendant cannot reasonably be required to answer such vague allegations. Accordingly, Defendant's motion for more definite statement will be granted as to requests 2 and 5 and denied as to all other requests.

## II.

Defendant also seeks an order striking Plaintiff's attachment to its complaint pursuant to FED. R. CIV. P. 12(f). Although both parties appear to be aware of the document at issue, there is no attachment to the complaint filed in this Court, nor is an attachment referenced in the complaint. The document at issue not being a part of the pleadings, the Court will deny Defendant's motion to strike as moot.

An order consistent with this opinion will be entered.


Date:    December 5, 2005              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE